## Elizabeth Smith v. Isaac Nolen.

Where a party purchased land to which there is a superior outstanding title, the reasonable inference in the absence of anything to the contrary is that he was led to believe the right was in his vendor.

And in an action on a note given for the purchase money of such land, where the defendant proved his purchase, and a superior outstanding title of which he could not have had knowledge, and where there can be no inference from the evidence that he had knowledge of outstanding title, or right in the party in whom it resides, or the want of title in his vendor, he is entitled to his defence of a total failure of consideration, and upon restoring the possession and the deed, to have the contract rescinded, and the money he had paid refunded.

Appeal from Smith. Tried below before Hon. John Gregg.

Suit upon a note given for the balance of a consideration of a tract of land, sold by appellant to appellee. On the trial the plaintiff read in evidence the note and closed. The de-

Smith v. Nolen.

fendant then read in evidence his deed from the plaintiff to the land for the purchase money of which the note was given, also a patent from the State to John S. Thorn for the same land, and a deed therefor from said Thorn to Elisha E. Lott. Defendant then proved by Benj. F. Young, who made the sale for the plaintiff, that the note was given for the balance of the purchase money for the same land, and that the defendant had paid in cash two hundred dollars.

There was a verdict for defendant for the amount paid by him on the land, and interest and judgment accordingly.

*John A. Jones*, for appellant.

*S. G. Smith*, for appellee.

WHEELER, J. The evidence proves indisputably the existence of a superior outstanding title ; and the only question is whether the defendant is to be deemed to have bought with knowledge of such outstanding title, relying on the covenants in his deed in case of eviction. In Cooper v. Singleton, (19 Tex. R.,) it was said the vendee " cannot be required to prove a negative, but can prove the facts and circumstances of the sale ; and if from these no inference arise that the purchase was to be at his risk, and no proof establishing such fact is offered by the vendor, he ought to be let in to his defences." It is to be observed that at the time of the defendant's purchase the Government had not parted with the title. But it appears, by the recitals in the patent, subsequently issued, that the certificate had been assigned to the patentee. There does not, however, appear to have been any record of the assignment or other fact in evidence from which the inference may be drawn that it was known to the defendant. He knew that Blackburn was the grantee of the certificate ; but his vendor undertook to convey to him the title of Blackburn,

thereby assuming that he had, or would procure the title. The reasonable inference, in the absence of anything appearing to the contrary, is that he was led to believe the right was in his vendor ; otherwise he would not have made the purchase. The defendant has proved his purchase, and a superior outstanding patent, a title issued to a third person, subsequently to his purchase, of which he could not have had knowledge. The plaintiff has not offered to prove any circumstance from which may be inferred a knowledge on the part of the defendant of her want of title. There can be no inference from the evidence that he had any knowledge of the outstanding title, or any right in the party in whom it resides, or of the want of title in his vendor. He cannot be deemed to have bought with such knowledge ; and upon the authority of Cooper v. Singleton, he was entitled to be let in to his defences. There having been a total failure of title, it was his right, upon restoring the possession and the deed, to have the contract rescinded and the money he had paid refunded.— There is, therefore, no error in the judgment and it is affirmed.

Judgment affirmed.